UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JAN 21 PM 2:43
N.D. OF ALABAMA

ALPHONSO CRAIG, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-199-S
)
COMCAST CABLEVISION OF )
ALABAMA, )
)
    Defendant. )

ENTERED
JAN 2 1 2000

MEMORANDUM OPINION

On November 30, 1999, this court imposed sanctions against plaintiff for failing to comply with defendant's discovery requests. *See* Fed. R. Civ. P. 37(a)(4)(A). Plaintiff was to pay "all reasonable expenses" incurred by defendant's attorneys in preparing, filing, and arguing a motion to compel. (Order of Nov. 30, 1999 (Doc. No. 21), at 4.) Defendant's attorneys submitted an affidavit of expenses on December 7, 1999 (Doc. No. 23), which totaled $10,725.19. Plaintiff contends that request is unreasonable, and should be reduced. This court agrees with plaintiff.

I. DISCUSSION

The calculation of "all reasonable expenses" by defendant's attorneys has two different components: fees charged and costs incurred. The court addresses those components in turn.

A.   Fees

The "lodestar analysis" guides the court in calculation of a reasonable fee.

> The most useful starting point for determining the amount of a reasonable fee is the <u>number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate</u>. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (emphasis supplied). That "useful starting point for determining the amount of a reasonable fee" is adjusted, either upwardly or downwardly, in accordance with the twelve factors set forth by the former Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] The *Johnson* factors are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill required to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to the acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

```
        attorney;
   (10) the undesirability of the case;
   (11) the nature and length of the professional
        relationship with the client; and
   (12) awards in similar cases.
```

*Johnson*, 488 F.2d at 717-19. Moreover, a district court should apply its own knowledge and experience in determining a reasonable hourly rate. *See Kay v. Apfel*, 176 F.3d 1322, 1328 (11th Cir. 1999) (citing, among others, *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Three attorneys, one local and two non-local, comprise defendant's counsel in this action.[2] They recorded 51.6 hours in preparing, filing, and arguing the motion to compel. (*See* Affidavit of expenses at Exhibit "A.") Jennifer L. Kocher summarized the billing rates claimed by defendant's attorneys:

> My hourly billing rate (as a 1995 law school graduate) is $180 and Mr. Lechner's hourly rate (as a 1983 law school graduate) is $288. <u>These rates are well within the prevailing rates for legal services charged by major law firms in the District of Columbia</u>. Mr. Oliver's hourly rate is $125. This rate is well within the prevailing rates for legal services charged by major law firms in Birmingham, Alabama.

(Affidavit of expenses ¶ 5 (emphasis supplied).) The following

---

[2] Thomas L. Oliver, II, serves as local counsel in this case. He is a partner in the firm of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., which is located in Birmingham, Alabama. The two non-local attorneys, Jennifer L. Kocher and Stanley F. Lechner, work in the Washington, D.C. office of Morgan, Lewis & Bockius LLP. Kocher is an associate and Lechner is a partner in that firm.

3

chart shows the hourly rate, time spent, and fee requested by each of defendant's attorneys on the motion to compel.

| Attorney | Rate | Hours | Total Fee |
|---|---|---|---|
| Kocher | $180/hr. | 45.9 | $8,262.00 |
| Lechner | $288/hr. | 2.9 | $835.20 |
| Oliver | $125/hr. | 2.8 | $350.00 |

The sum of fees requested equals $9,447.20.

### 1. Reasonable Hours

Plaintiff contends the number of hours claimed by defendant's attorneys is unreasonable, because the motion to compel was routine. The court has reviewed the billing statements submitted by defendant's attorneys, and concludes that the hours logged are excessive.

In creating that motion, defendant's attorneys simply summarized their discovery requests and plaintiff's inadequate responses. They also cataloged efforts made to resolve the discovery dispute before filing the motion to compel. See Fed. R. Civ. P. 37(a)(2)(A). Under *Johnson*, the novelty and difficulty of issues presented in the motion to compel was slight. Defendant's attorneys relied strictly on internal documents and the Federal Rules of Civil Procedure in making their arguments. They cited no case law, and their billing records do not reflect case research. In sum, this court finds that Kocher, as lead attorney on the

4

motion to compel, should not have spent more than a mere handful of hours on research and preparation for this routine motion.

With respect to argument of that motion, Kocher and Oliver seek reimbursement for attending oral argument on November 29, 1999. Again, the routine nature of this motion leads this court to conclude that the presence of only one attorney was necessary. *See Norman*, 836 F.2d at 1301-02 (prohibiting compensation for redundant hours). For reasons discussed *infra* at section I.B, that attorney should have been local counsel, Oliver. Thus, hours claimed by Kocher relating to oral argument are due to be stricken.

### 2. Reasonable Rates

"A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1299). The "relevant legal community" consists of the place where the case was filed. *See Barnes*, 168 F.3d at 437. In *Lattimore v. Oman Construction*, 714 F. Supp. 1178 (N.D. Ala. 1988), *aff'd*, 868 F.2d 437 (11th Cir. 1989), now Chief Judge Clemon noted that, for an action filed in the Southern Division of the Northern District of Alabama, "[t]he relevant market for legal

5

services is the Northern District of Alabama, consisting of the thirty-one northernmost counties of the state." *Id.* at 1179. As stated above, Kocher and Lechner request District of Columbia rates for time spent on the motion to compel. The Eleventh Circuit noted recently in *Barnes* that "[i]f a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle [the] claims." *Barnes*, 168 F.3d at 437.

Defendant's attorneys fail to make that showing. They submitted no affidavits indicating that attorneys practicing in the Northern District of Alabama were unwilling or unable to handle the defense of plaintiff's claims. *See id.* at 436 (assessing affidavits submitted by both parties on this issue). Further, plaintiff's lawsuit against defendant is one alleging basic employment discrimination. This court takes judicial notice of the fact that a plethora of law firms practicing in the Northern District of Alabama, especially in the Birmingham legal community, specialize in defending employment discrimination lawsuits. (*See* Affidavit of Michael K.K. Choy, attached as Exhibit "C" to

6

plaintiff's response.)[3] Therefore, the non-local rates requested by Kocher and Lechner shall be reduced to comport with the prevailing market rates charged by attorneys of comparable expertise in the Northern District of Alabama. *See infra* section II.

B. Costs

Defendant's attorneys further claim costs in the amount of $1,277.99. Kocher's travel from Washington, D.C. to Birmingham, along with her lodging in Birmingham, comprise the majority ($1,207.59) of that figure. Kocher's round trip was made solely for the purpose of arguing the motion to compel on November 29, 1999.

Plaintiff argues that Kocher's airline fare, hotel costs, and transportation costs are excessive. This court takes that argument one step further, and concludes that Kocher's presence in Birmingham was wholly unnecessary.

---

[3] Choy, who is a partner in the Birmingham law firm of Haskell Slaughter & Young, L.L.C., specializes in "representing corporate defendants in employment litigation." (Choy affidavit ¶ 2.) He opines that a reasonable hourly rate for "a defense attorney with over 15 years of litigation experience in complex class and individual employment cases" in the Northern District of Alabama is $195 an hour. Plaintiff's counsel further avers that prominent Birmingham law firms "bill third and fourth year associates at rates between [$125 and $145] per hour." (Affidavit of Byron R. Perkins, attached as Exhibit "A" to plaintiff's response, at ¶ 5.)

The court applies the rates from these affidavits *infra* in section II, because they are the only affidavits submitted by either party on the issue of a proper local rate.

7

One of the main reasons for employing local counsel is the ability of that attorney to respond to orders issued by a court on short notice. Given Oliver's review of the motion to compel before oral argument and the routine nature of that motion, defendant would have achieved the same success with sole representation from local counsel. Thus, Kocher is not due to be compensated for her travel time and related costs. *See Dillard v. City of Foley*, 995 F. Supp. 1358, 1370 (M.D. Ala. 1998) (cataloging cases that authorize reduction, or denial, of travel time and costs "where the case could have been litigated ably by local counsel"). The $70.40 in remaining costs incurred by defendant's attorneys, which consists primarily of telephone, fax, postage, and copying expenses, should be reimbursed by plaintiff.

## II. CONCLUSION

The court recognizes that plaintiff's own failure to comply with his basic discovery obligations led defendant's attorneys to request compensation for successful pursuit of their motion to compel. Nonetheless, the total hours, rates, and costs submitted by defendant's attorneys are in large part unreasonable. Thus, their request must be reduced in the following manner:

| Attorney | Rate | Hours | Total Fee |
|----------|----------|-------|-----------|
| Kocher | $135/hr. | 5.0 | $675.00 |

| | | | |
|---|---|---|---|
| Lechner | $195/hr. | 2.9 | $565.50 |
| Oliver | $125/hr.[*] | 2.8 | $350.00 |

Thus, defendant's attorneys are entitled to collect $1,590.50 in fees from plaintiff. In addition, they may collect $70.40 in costs. All told, defendant's attorneys are due to be compensated in the amount of $1,660.90. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **21st** day of January, 2000.

_____
United States District Judge

---

[*] The $125 an hour rate charged by Oliver appears to be low, given his status as a partner in a Birmingham law firm. Nonetheless, this is the rate provided by defendant's attorneys in their affidavit of expenses. The rate likely reflects Oliver's limited role as local counsel in this action. Accordingly, the court will not disturb that rate.

9